UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIM. NO. 3:02CR00366 (CFD) |
| v. | : | |
| HUGO JORGE | : | JANUARY 24, 2005 |

GOVERNMENT'S RESPONSE TO DEFENDANT'S
MOTION FOR EMERGENCY MEDICAL TREATMENT

On January 19, 2005, the defendant, through counsel, submitted a motion entitled Motion for Emergency Medical Treatment. In that motion the defendant represented that (1) he had large sores covering his entire body, (2) he is in desperate need of medical attention, and (3) the undersigned "witnessed the defendant's condition and concurs with this motion."

As an initial matter, the undersigned has discussed this matter with Paul Winterhalder, Supervisory Deputy United States Marshal, who informed the undersigned on Thursday, January 20, 2005, that the defendant is being given an outside consultation with a dermatology specialist and that arrangements have already begun to make that happen. Accordingly, the defendant is supposed to be seen approximately within the next week or ten days. In view of that fact, there is no need for the Court to act on the defendant's motion at this time.

Further, for the sake of clarification, on January 19, 2005, the Government first learned of the defendant's medical condition

when at the end of a meeting on other issues the undersigned was shown an area of the defendant's lower back which had a sore or scab on it. The defendant stated that he was given pills and ointment but that the condition did not improve. His original request for an outside consultation was denied in November 2004 on the ground that it did not appear at that time to be urgent or emergent.

The undersigned was not shown any other area of the defendant's body and cannot attest to extent of the defendant's condition. Further, the Government informed counsel for the defendant that he would contact the Marshal's Service and request that the Marshal's Service arrange for the defendant's condition to be reviewed by a medical professional. The undersigned and counsel for the defendant did that immediately after meeting with the defendant and that meeting resulted in the above arrangements being made by Deputy Winterhalder.

While the undersigned informed counsel for the defendant that he would consent to a motion for medical treatment, the undersigned is not a medical professional and did not in any way agree or state that the defendant was in "desperate need" of medical treatment or "emergency medical treatment." Rather, the Government stated that it would contact the Marshal's Service to facilitate a medical consultation, which it has done and which the Marshal's service is arranging.

In sum, for the reasons set forth above, the Court need not act on the defendant's motion at this time as the Marshal's Service has already made appropriate arrangements.

>Respectfully submitted,
>
>KEVIN J. O'CONNOR
>UNITED STATES ATTORNEY
>
>
>JAMES K. FILAN, JR.
>ASSISTANT UNITED STATES ATTORNEY
>Federal Bar No. ct15565
>915 Lafayette Blvd. Room 309
>Bridgeport, CT 06604
>(203) 696-3000

CERTIFICATE OF SERVICE

This is to certify that on January 24, 2005, a copy of the foregoing motion was faxed and mailed to:

Timothy P. Aspinwall, Esq.
Aspinwall & Aspinwall
3200 Main Street
Stratford, CT 06490

_____
JAMES K. FILAN, JR.
ASSISTANT UNITED STATES ATTORNEY